UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ZACHARY DURON-RODRIQUEZ,

    Plaintiff,

v.                                                      Case No. 25-cv-765-bhl

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Zachary Duron-Rodriquez, who is serving a state prison sentence at the Chippewa Valley Correctional Treatment Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Duron-Rodriquez's motion for leave to proceed without prepayment of the filing fee, motion to appoint counsel, and to screen the complaint. Dkt. Nos. 1-3.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Duron-Rodriquez has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Duron-Rodriquez has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.65. Accordingly, the Court will grant Duron-Rodriquez's motion for leave to proceed without prepayment the filing fee.

## SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, Duron-Rodriquez must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Duron-Rodriquez need not plead every fact supporting his claims; he must only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*.*" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

There is a reason Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id*.

Additionally, Rules 18 and 20 only allow a plaintiff to join multiple defendants in a single case if he asserts at least one claim against each defendant that arises out of the same events or incidents; <u>and</u> involves questions of law or fact that are common to <u>all</u> the defendants. Fed. R.

Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). While multiple claims against a single party are fine, plaintiff cannot bring *unrelated* claims against *different* defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Duron-Rodriquez has filed a 132-page complaint against over 30 named and unnamed defendants at three different institutions (the Dodge Correctional Institution, the Kettle Moraine Correctional Institution, and the Chippewa Valley Correctional Treatment Facility). Dkt. No. 1. He has included a description of each defendant in the body of his complaint with conclusory allegations that they allegedly violated his rights. *Id*. at 5-7 & 15-17. He then complains about numerous unrelated incidents between August 2024 and June 2025 at the three different institutions, *see id*. at 7-14, and asks the Court to dig through 109 pages of exhibits to find the specific facts that relate to each individual defendant, *see* Dkt. No. 1-1. He further states that he is proceeding on state law and federal claims in connection with over 20 different issues, including denial of medical care, denial of food, excessive force, unconstitutional conditions of confinement, violation of equal protection, *Monell* claims, and much more. Dkt. No. 1 at 18-21.

Before this case goes any further, the Court will require Duron-Rodriquez to file an amended complaint that complies with Rules 8, 18, & 20. The Court will enclose a blank prisoner amended complaint form and a *pro se* guide that explains how to file a viable complaint that will allow the Court to screen it. Duron-Rodriquez must use that blank prisoner amended complaint form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Duron-Rodriquez believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total, double-spaced. Duron-Rodriquez does not need to include every detail giving

3

rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did.

As Duron-Rodriquez considers what facts and information to include in his amended complaint, he should remember two things. First, as noted above, he can join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents; <u>and</u> involves questions of law or fact that are common to <u>all</u> the defendants. This means that Duron-Rodriquez likely cannot bring all of the claims he alludes to in the same lawsuit. His claims likely belong in different lawsuits for which he must pay separate filing fees. Second, liability under §1983 requires personal involvement by each individual defendant. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Duron-Rodriquez must explain what each individual said or did to violate his rights. *Id*. Simply naming an individual in the caption of the complaint, then describing their job title in the body of the complaint with a general statement that they violated his rights, is not enough to state a claim against them. The allegations must give each individual defendant notice of what he believes they said or did to violation his rights and when these incidents happened. If Duron-Rodriquez files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If he does not file an amended complaint, the Court will likely dismiss this case.

### MOTION TO APPOINT COUNSEL

On May 27, 2025, Duron-Rodriquez filed a motion to appoint counsel. Dkt. No. 3. He states that he is unable to afford counsel, his incarceration will greatly limit his ability to litigate the case, the issues involved in the case are complex, and a trial in this case will likely involve conflicting testimony. *Id*. He also states that he has made repeated efforts to recruit counsel on his own to no avail. *Id*.

4

Case 2:25-cv-00765-BHL    Filed 08/07/25    Page 4 of 8    Document 9

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Duron-Rodriquez must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Id*. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to

5

coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett,* 930 F.3d at 871.

The Court will deny the motion to appoint counsel because it is far too early in the case for the Court to determine whether the complexity of this case exceeds Duron-Rodriquez's ability to present it. As a preliminary matter, Duron-Rodriquez has not yet stated any claims; therefore, the Court cannot assess the complexity of the case. Moreover, all Duron-Rodriquez must do at this point in the litigation is file an amended complaint limiting the scope of his lawsuit. He does not need the assistance of counsel to pick which claim he wishes to proceed and tell the Court what happened to him. The relevant facts are already within his knowledge. Finally, Duron-Rodriquez's filings thus far have been clear and coherent, so the Court does not have any concerns about his ability to communicate or advocate for himself in writing. Therefore, the Court will deny the motion to appoint counsel without prejudice.

## Conclusion

**IT IS THEREFORE ORDERED** that Duron-Rodriquez's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Duron-Rodriquez's motion to appoint counsel (Dkt. No. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8, 18, & 20. Duron-Rodriquez may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Duron-Rodriquez files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If he does not file an amended complaint, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Duron-Rodriquez a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Duron-Rodriquez shall collect from his institution trust account the **$349.35** balance of the filing fee by collecting monthly payments from Duron-Rodriquez's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Duron-Rodriquez is transferred to another institution, the transferring institution shall forward a copy of this Order along with Duron-Rodriquez remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Duron-Rodriquez is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on August 7, 2025.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge